NEW-YORK,
May, 1806.

Jackson *ex dem.*
Colden and
others
v.
Agan.

Jackson *ex dem.* Colden and others *against* Agan.*

THE facts in this case, which was tried at the same time with the preceding one, are nearly the same. Both leases contained the same covenant. This lease was for 135 acres, and there was a reservation of 40 acres for wood. *Benjamin Agan*, the son of the lessee, occupied a part of the premises under his father, who improved the remainder. Part of the time they worked separately, and took their respective crops. The son lived in a house by himself, and kept a separate family and stock. The lessee died ; and *Benjamin Agan* having left the premises, the present defendant took possession. There was no agreement between the lessee and his son *Benjamin ;* he went on, however, by his permission ; but did not occupy more than half the land, any one year. One *Filkin*, had also used and occupied the premises with the defendant about two years, and received one third of the crops for his labour.

*Van Vechten,* for the plaintiff.

*Woodworth,* attorney-general, for the defendant.

THOMPSON, J. The questions involved in this case are substantially the same, as in the preceding. The lease here was only for 135 acres of land, which according to my construction of the lease, will admit of only one tenant or occupant. Instead of which it appears, that the lessee, during his life time, occupied and improved a part of the farm, and, at the same time, his son *Benjamin* lived upon and improved a separate and distinct part ; and that the present defendant has, since the death of the original lessee, permitted one *Filkins* to occupy a part of the premises, contrary to the condition of the lease. I am of opinion, therefore, that a new trial ought also to be granted in this case.

KENT, C. J. Admitting that the lessee's son *Benjamin* was a tenant within the meaning of the condition, the question will be whether the lessee might not take one tenant or family on to the premises, considering there were 35 acres granted beyond the 100 ? Unless we admit this construc-

* See the last case.

A lessee covenanted not to permit more than one tenant to each 100 acres, to reside on, or occupy, the premises : The quantity of land demised was 135 acres. In an action for a breach of the covenant, it was held that the allowing of one tenant, besides the lessee, to occupy the premises, was not a breach of the covenant.

NEW-YORK,
 May, 1806.

tion, the covenant is in a great degree senseless. Why say that there shall not be but one tenant to 100 acres, if the meaning was that the lessee or his assignee could alone occupy the premises? The language of the covenant evidently points to *more* than one occupant, for the lessee was not to *permit more than one family* to 100 acres. I am of opinion, accordingly, that the covenant in this case will admit of the construction of two tenants residing on, or occupying the 135 acres, and that the motion to set aside the nonsuit, ought be denied.

TOMPKINS, J. SPENCER, J. and LIVINGSTON, J. concurred.

